Thank You judge the next case this morning is 18-1296 United States v. Jumaev Well, thank you the Before commencing argument the court decide the panel decided not to live stream these cases because the discussion could inadvertently lead to a discussion of Intent of course of the court or council, but if it happens We would want to have an opportunity to redact those References prior to making the argument available as customary under our Court procedures for recording these arguments so the argument will appear promptly following the Conclusion of the arguments on our website on the other hand in this case if there are inadvertent discussions Such information will have an opportunity for counsel for the government or for the defense to assert to us a Claim of privilege with respect to any such information and we'll consider it at that time. Thank You counsel. We're ready to proceed Thank You your honor good morning and may it please the court Caleb Kruckenberg for backyard Jumaev It took the government six years and one day to bring mr. Jumaev to trial But he spent the entire time in pretrial detention on his first day of the jury trial. Mr. Jumaev Had already served a sentence at the mid-range of the ultimate guideline range of 63 to 78 months And the primary reason that the matter was delayed was the government's failure to disclose exculpatory evidence that was in his possession In fact the government had more than 39,000 files of recorded conversations between mr. Jumaev and mr. Mutor of Which contained admittedly exculpatory evidence, but which was not disclosed to the defense until 2016 was that that wasn't September 1 2016 that discovery deadline Yes, your honor. That is the discovery deadline that the district court said it did Did mr. Jumaev? object to the discovery deadline He did your honor and at the status conference where the court decided the September 1st 2016 discovery deadline counsel for both defendants objected to the late To the delayed Discovery disclosures and also the late trial deadline of March of 2017 No, I was asking I wasn't asking about trial deadline. I was asking about the discovery deadline It was set more than four years after he was charged, but it did did he object to that? Yes, your honor and It was on October 21st Excuse me Going back. I'm sorry. This is a very voluminous record as I'm sure you you're well aware at the July 13th status conference The court set the discovery deadline of September 1st 2016 and counsel objected counsel objected to the slow pace that it's taking the government to disclose this information to us and to the September 1st discovery deadline And and this is part of a larger pattern defense counsel for both defendants was was consistent throughout this proceeding that This was taking too long. There were numerous motions filed well before the September 1st 2016 deadline Objecting objecting to the slow pace of disclosure objecting to the fact that no transcripts had been released Defense counsel was aware all along that Mr. Jumaiyeb and mr. Muto Rob's own statements had been recorded that was in the possession of the government They had started recording as early as 2008 and that was never disclosed. That wasn't disclosed until 2016 and And there's simply no way that defense counsel could move forward to trial When they don't even have their their own clients Statements. I mean this isn't even a Brady obligation. This is just a simple disclosure obligation But I think it's it's even more important because the government later acknowledged that among the 2016 disclosures There was Brady material. They referred to it as Brady material and as time went on Additional disclosures were made and and the government continuously sort of eked out these other disclosures, I mean notably There were Tremendously important disclosures about dr. Kek Berdy of who was the government's Translator and and the principal translator the government the government relied on to go through these recordings Turned out that he did not speak Uzbek and Tajik Which were the languages that he was translating and he was ultimately fired by the FBI after he failed a polygraph examination The government withheld this information for years. This was only disclosed until in I believe 2017 and that was at the insistence that was after an order by the district court to disclose this information and Disclose the questions counsel. Yes. I'm just curious did the court Allow you a defense budget for interpreters for you to hire your own interpreters Yes, your honor we were we did have a budget to hire interpreters, but part of the problem was The cumbersome way that that Defense Council had to reconstruct these recordings So we had over 39,000 recordings disclosed in 2016 that was over 1,800 hours of Conversation and what we found out in discovery is that these were from? Microphones placed in mr. Jemima's house at various places. And so there was some overlap, but there was no index. There was no We did not have any kind of meaningful way to differentiate what those recordings had and of course they were all in a mix of Tajik and Uzbek and so we had to hire our own experts and our own translators to go through that information in Incredibly laborious process and then as Defense Council noted in the trial level in 2017 when the government filed its superseding indictment with counts five and six related to new allegations about Sheikh Bukhari and alleged actions taken by my client with his son That meant that the defense had to go back through all of that information that we had already Reviewed in this very laborious process Because we had no idea that this was a the basis of a new charge or that there was now going to be these charges And that our charges that that ultimately didn't go forward, correct They didn't go forward and the reason they didn't go forward is because they were based on a lie And this is a this is a falsehood that the government has acknowledged Special Agent Hale testified falsely and that's the word used by the government in its appellate brief in this case That Sheikh Bukhari said or that excuse me, my client said a line to his son Something about there's still one bullet left in this conflict. We know that that was a fabrication We know that that was not said by my client and that was at best a phony or a false translation But we didn't find that out until 2017 and certainly the government's intention before that information was disclosed Was to go forward to trial on counts five and six counsel. Can I just ask a more general question about The relationship between the discovery in the case and your speedy trial claim Didn't the defendants ask for broad discovery in the first place in other words Isn't it inconsistent to ask for broad discovery? turns out 39,000 recordings and so forth and then complain about receiving voluminous discovery and in return I mean the very request for this much information is going to delay For some time the ability for you to get the information and to process it so Why why attribute the reason for delay it seems like you're saying it's all the government's all the government But you asked for that you asked for this Well, your honor, obviously the defense is entitled to mr. Jumaia its own statements and absolutely that I'm not suggesting you that there that you weren't entitled to the discovery but given the nature of the case and the evidence collected if you want all the evidence and you want the It all and then go through it that's gonna take time. So so Aren't wasn't the defense at least Somewhat responsible for the delay in Making all this happen Well respectfully your honor I don't think it's chargeable to the defense for us to ask for the evidence that we are automatically entitled to which is Statements of our own client, but is it chargeable to the To the government that it's going to take them some time to get it to you Well, and under the speedy trial analysis, certainly that's something that this court has to consider, but there's a difference. Well, no, I It's not a matter of considering. I'm asking if it if it should count in other words You're asking for all these recordings and the government ultimately turns them over But they but it's as they've indicated there were translation challenges enormous translation challenges here Should they be charged with the delay when there's so much material not only in volume, but in terms of Translating them Where where does that fall in the speedy trial calculus? Well, your honor the government started recording this information and collecting this information in 2008 and it recorded it from 2008 to 2011 when it was ultimately disclosed to the defense in 2016 it was not translated. There were we didn't have transcripts. They gave us the files and Certainly we don't expect them to instantly be able to give us that information but the delay between 2011 when it was collected. My client was arrested in 2012 and then we didn't get it for another four years That is chargeable to the government and and also note at a discovery Conference a status conference very early in the case the government estimated It could disclose these these recordings as early as that summer in I just want to be clear on one point. So when were when did the government make arrangements and and and actually Have the material translated when did that when did that happen? Well, your honor my understanding from the record is that there were certain Tech cuts that were provided to the defense throughout the process where certain recordings we got Summary translations most of those provided by Dr. Kek Berdia based on his review of the of the recordings. We got these tech cuts before we even got the records in September of 2016 that's when we got the raw recordings all 39,000. That was certainly so that I could have a Basis here. What was the date of the request? For the Initial your counsel your client's statements the defendant's statements That was the initial requests Well, I certainly have one that was written in in the record on February 6, 2015 There was a joint motion for all of the defendant's statements And I believe there was an oral request at a status conference in October of 2012 So the first request for your for the defendant's statements was made three years after he was charged And your honor that those are the notes I have in front of you I Understand and you can supplement these if you'd like, but I just like some basic dates here The date of the request was February 6, 2015 There was a written request on February 6, 2015, your honor What was the date you the charge? Mr. Jumiah was arrested on March 12th of 2012. So three years later Count the defense gets around asking for the statement All statements made by the defendant. Well, your honor. There was also an October 11th 2012 status conference and that is when there was the discussion about the disclosures of the of The recordings and the government said it indicated that it hoped to complete these disclosures by June of 2013 Well, did he they represent that they would provide them at that time request been made that time? Yes, your honor there. I believe there was a request on the record at that hearing that my clients be well We're far past the state of beliefs here was a request made for The subject information at the 2012 status conference And your honor, I do not have that information in front of me. I can find that out and I can't believe that you're arguing this case. It's a Principal purpose of the K argument and you can't tell us whether a request was made at that status conference And you had gonna have to tell us at some point later Your honor I cannot Confidently represent one way or the other about that. Sorry All right. Well, that's hard seems to me. It's you can hardly squawk About a three-year delay if you can't even assert to us that you requested the information Well, your honor certainly like to us a rule under which you were Automatically entitled to it as a matter manner of mandated government disclosure Pursue it to rule Well Your honor so there are two issues there that first of all they this these were the statements of my clients And so they were subject to disclosure by the government. There were also Brady material under what under what rule? Your honor under the rule 16 disclosures We were my client was entitled to recordings of his own statements Does the rule provide the time for that disclosure It does not have a hard and fast time your honor but certainly When the request has been made which it was and it was in writing at least by September of 2015 There was the request for those statements as soon as we found out those existed. We made that request And additionally as we've argued there's a significant amount of Brady material and and obviously that's a You know, that's sort of a colloquial term But there's exculpatory evidence in the government's possession which it acknowledged which it did not disclose and there's an independent constitutional requirement for them to disclose that at a reasonable time and Part of the delay here was that that information was not disclosed It was it was not disclosed until years into the proceedings and And as I've mentioned before part of this is as dr. Kacperdia of part of this is With the the counts five and six of the superseding indictment But but that's not all I mean there was also evidence about confidential informants there was an there was The We had the deposition in 2017 when We had a witness who who we did not know he hadn't received material immigration benefits until the day of the deposition and And that led once again to Judge Kane ordering sanctions based on the late disclosure And and certainly when we're asked when we're talking about the speedy trial issue It's not that necessarily that there was a Brady violation. It's just that without that evidence My client could not have gone to trial If Mr. Joy, I Am sympathetic to the defense argument that a six year delay in bringing a case to trial is an Unreasonable delay, I'm sympathetic to that argument but I'm also a realist and I expect defense counsel to act in a propitious and timely manner in the Persecution of a defense and that's why I asked Whether you ask for this information in a timely manner so it you can hardly ask us to charge The government with three years of delay when you didn't even make the request So that's why I say did you make a request at the status conference of? 2012 that seems to be a material question that you should be able to answer. I'm sorry to come back to it and Beat you up a bit on it, but I think you deserve it if you can't answer that question but so let's chalk off three years of delay and While we decide whether you did or didn't ask for that information after 2015 when did you finally get this what you described as a dump and I think could be fairly described instead as a production of the information that you requested That was initially disclosed on September 1st 2016 And that's when the the 39,000 files were released The the government continued to make Disclosures though well into 2017 and 2018 and part of our argument and I and I think part of the reason why we're suggesting that even in 2016 We couldn't go to trial or we couldn't go to trial the earth at the original trial date is the government continued to disclose new Information that it acknowledged was Brady material That was in 2017 and into 2018 as well And and all of those disclosures that I referenced earlier with dr. Kacperdia of his Qualifications that was in late 2017. I believe that was October 2017 There there was the deposition in Kazakhstan that was around Christmas of 2017 we also got additional disclosures about the False false statements the false testimony about the one bullet left line That led to the ultimate dismissal of counts five and six and we also got information that there was false testimony in front of the grand jury by an FBI agent about when the investigation originated All of those came out in 2017 and 2018 and certainly those were important pieces of evidence so council I'd like to ask you a Couple of other questions relating to the Barker that the second factor under the Barker test, which are the reasons for the delay Let me just start by asking about Mr. Jumai of having joined in filing the section 702 motions Even though the section 702 FISA notice that was filed in 2013 didn't apply to him Why didn't that prolong the proceedings against him? Well, your honor because that didn't have anything to do with the disclosures And well, I'm not asking about that. We're asking now about whether Jumai of sort of hanging on to participation in an issue that the government said didn't apply to him and other The government in their brief says that he was quote far more interested in litigating FISA related issues than in proceeding Expeditiously towards trial. Why isn't that correct? Well, I don't think that's correct your honor and part of that is because at the same time we were litigating the discovery issue No, no, no counsel. You're not answering the question about sticking around for the FISA 702 issue when it didn't apply to him Why didn't that prolong the proceedings against your client? I Don't think it did prolong the proceedings. I guess is what I'm Trying to try to answer your well, why do that? Why why why continue to file motions and participate on an issue that didn't apply to him? Well, I think initially Mr. Jumai, I didn't know whether it did or not and But the notice didn't didn't go to him yet. You had notice in 2013 Well, and and that your honor is a tactical decision by my trial counsel and we have not Continued to litigate that on appeal. We don't believe that's a live issue anymore The best I can say I think is is that trial counsel? Because at that point we didn't have the information we didn't have the recordings and I think there was an effort to File the motion sort of prophylactically and make sure that we did not Waive an issue that turned out was important or did affect our client. All right, let me let me move to another question This this the Sixth Amendment speedy trial violation Challenge Wasn't was was filed for the first time in February 2017 five years after he was charged. Why doesn't that weaken your position? That there was a timely assertion of the speedy trial, right? You've been complaining about you know Charge was in 2012. You didn't get it. You didn't get anything until 2016 and then and then things continued but you didn't even raise this issue until 2017 and Your honor obviously it's That is a factor that is part of the equitable analysis, but I will note Defense counsel made two formal motions and and Just because it's now five years when he filed the first motion to dismiss And then he and then it was six years when he filed the second motion I Think the courts recognize in the case law recognizes that the longer this goes on the worse it is and the worst of the constitutional problem and and Frankly in a case like this where where it is complicated or at least with the discovery disclosures There's a difference between it being two years But once we're talking about five years It is an important assertion of the right to say this has taken far too long the the other argument that I would I would just make your honor is that Defense counsel did object to the slow pace of the proceedings on multiple instances and but defense counsel also Didn't oppose I think seven of eight tolling motions under the Speedy Trial Act that's that's correct your honor, and I think there was a recognition by defense counsel that There were there. This isn't a normal case in the sense. I tried in a year But by the way combine that with the fact that your that your client filed 50 substantive motions Why wouldn't that prolong the case? Well because it didn't prolong the case in the sense that that doesn't have anything to do with the government's disclosures The government still didn't make it but it does have something to do with how long it's going to take you're going to the district judge and And and filing 50 motions 10 substantial discovery motions, and it's going to take Time to litigate that it is your honor, but I know why doesn't that time? count Doesn't that count against you in terms of the reason for delay It's not that I'm not saying that that you shouldn't file the motions Maybe that's it was necessary to defend the case, but it's but but but those things inherently take time Yes, your honor, but all of that was complete and and that was complete Before we're even talking about the disclosures and and if mr.. Doom I have had not made those motions Then he would have been in exactly the same situation the trial would have happened at the same way to wait What one second are you telling judge Matheson that? All of the substantive motions about which he's inquiring had been resolved prior to September the 1st of 2016 No, your honor, and and I want to be very clear about that, and I my reference there I think is to the FISA motions those were resolved there were outstanding matters obviously and there were outstanding discovery issues That went well into 2017 and 2018 well I thought judge Matheson's question was making the distinction between discovery matters and substantive matters Motions that is well and specifically with respect to the discovery motions Part of the problem was that the government wasn't providing appropriate discovery and providing appropriate exculpatory information It on the one hand. I mean the government is essentially blaming mr. Doom I have for asking for Brady material that to which he's entitled and And then saying well, it's his fault because he asked for it When in reality he could not have gone to trial More quickly until he got that Brady material until we and we found out that information was Exculpatory information it was disclosed late. It was disclosed in the 2018 Was counsel for the defendant appointed counsel at all times? Yes, your honor on a cut compensatory basis. Yes, sir And your honor I would just like to reserve the remaining time I have for rebuttal Thank you Hear from the government It please the court to Murphy representing the representing the United States I First want to address the speedy trial issue Raised by mr. Jumeirah and mr. Moutaroff adopted most of those arguments and the court has questions about mr. Moutaroff I'm prepared to address those also If there's a first order of business, however I Want to make very clear that the government never stated and never agreed the special agent Hale lied He did not lie. He did not knowingly testify falsely He was relying in the instance the defense counsel is referring to a report by dr. Kekpertia And they said mr. Jumeirah had made a statement about sending a son to the cause and there is yet one bullet left for the cause a Defense interpreter went through the same statement and said well I don't I don't think that's right and we're dealing with either the Uzbek or Tijik languages Which special agent Hale did not read or speak? The gun also are there any cases out there? You can cite us to in which appellate courts in this country have ruled that a Delay in excess of six years and bringing a case to trial is not a speedy trial violation Yes Tell us those cases please. Well, it's we cited in our brief Thank you for that. Yeah, I Apologize, it doesn't come immediately to mind But there is a there's a case one one case this circuit Where were the delay was actually it meant I may be wrong about that Could be the second circuit, but where the delay was six years or more But the critical thing is the complexity of the case and the justification for the delay I've read over and over ad nauseum In the government's brief about the fact that this is a complicated case What and well, let's spot you that the case is complicated. You knew that going in correct Correct. You knew that when the case was charged, correct? absolutely is the fact that a case is complicated in and of itself a basis for delaying a case to trial of six years When the case is based upon the luminous interceptions Many of which are classified information Yes, that's a very good reason because the requirements You would have us rule that in cases that involve Classified information and cases of this type that as a matter of routine a six-year delay in bringing a case to trial is Okay, because the case is quote Complicated I certainly would not argue that your honor to case-by-case analysis and this court needs to look at who was responsible for the delay Well counsel under the rule you're required to provide a defendant's statement To the defense as a matter of course So you knew that going into the case at the time that it was charged in 2012 and yet four years later you provide Information that you required by rule to provide I'm not sympathetic to the defense who can't even tell me whether they Asked at the status conference or cite to me statements or requesting that information, but so I'm not raw rowing Defense counsel here. I think it's terrible that the that they can't tell us that but Assuming that that they didn't and that you were just required by rule to provide it Why should we excuse a four-year delay in providing information required by rule? If Lucero the majority of discovery trial relevant discovery in this case Including the defendant statements was traditional FISA, and it was turned over long before 2016 2016 was the deadline for What we call 702 derived FISA information and it has to go through a declassification procedure that is not simple and The reason it was as late as 2016 which I agree is is somewhat late considering the indictment was 2012 it's because We spent a great deal of time Litigating discovery one motion by the defense and I don't fault them for filing it But one motion by the defense a motion to suppress the 702 evidence Which mr. Jamea as the court knows had no standing to do I consumed well over two years government The 702 evidence, is it correct? With respect to mr. Mutter of that It took the government two years to notify him that there was going to rely on 702 evidence No, I didn't take that long. Our note our second price the notice on 702 was filed on October of 2013 So it is not correct that it took them to wasn't two years The government was first almost two years, wasn't it? Well, however long it is it was slightly less but it but however long it is Why why should it be delayed at all? The government knows what it has It's filed the traditional FISA evidence notice. Why wouldn't you just file the 702 notice at the same time? Well, there are reasons for that The I don't think it was altogether clear at the time that the government was required to do that This is not a black and white matter I There are reasons for it, but Although the court may not care for this explanation I really don't think it contributed significantly to the delay considering the total delay in the case filing our second notice in October 2013 Ultimately that really didn't contribute to delay. It's not like discovery had come to a stop your honors Discovery was progressing continuously on traditional FISA material which is the bulk of the trial relevant evidence a lot of that stuff that was disclosed in 2016 was duplicative or administrative data and the prosecutor Represented this to the court. I am sensitive to the fact that This is almost four years later and it is significant but the government Was not able to release some of that information and go through the declassification Process until it had a ruling on a suppression motion on the 702 evidence Could you counsel just give us you you rely a lot on on Challenges encountered in the translation process in your brief, but could you give us an explanation of What those challenges were and when the translation? Work was done That's what the translation work was done more or less continuously From around the time of the indictment. I don't I will admit. I don't personally know the exact dates Again a good deal of it focused on traditional FISA material which was litigated fairly promptly Is there anything in the record that Indicates that counsel For the defense was Asserting a speedy trial objections prior to the time that they filed their first written motion We try and deal with this in some detail in the brief judge Lucero They didn't make some I mean they made statements along the lines of well this case needs to move ahead your honor and Mr. Krackenberg mentioned some of these things that's true. I mean that's an understandable statement But at the same time they were saying well this case really needs to move on particular statement I'm recalling where they said that With litigation where they were fighting the government over a protective order that the government wanted to keep classified Information from coming out and they did that over and over and over and over again They fought the government at every opportunity and although they had the right to do that I don't think they now have the right to step back and say why did it take so long? The reason the case is ready on the government that the government Assist in expediting the designation of counsel to receive Classified information in order to Effort These counsel never had that designation We as it was it requested. I Can't remember if the defense count. I don't think they requested it It takes a while to get cleared for that and I don't think these defense counsel had the background for it Too much the best of my knowledge That was never requested But we had the other day judge to declassify some of the stuff we had All right on that same similar vein, uh, I was hoping to be able to review judge kane's confidential order on or the classified aspect of his order regarding the reasons for his ruling against the motion to dismiss for lack of a speedy trial is Was such an order entered and is it in the record for our review? Referring out of the classified file, correct? Yes And you just want to know if you don't need to tell me to disclose classified information. I understand you're just asking I just want to know if the order is there for if an order was entered in that of that nature and if it's in the record There's a record. I apologize. There's a record to indicate there is such a classified. I I can't answer that question Nothing comes immediately to mind Although i'm familiar with some of the information I am not the principal Author of say the government's classified brief filed in this court the If I knew I would say I don't know judge lacero if judge king Issued a classified order. Um, I do recall we had some issues trying to reconstruct Matters from his chambers because there were there were so many sepah section 4 hearings um and other classified proceedings and The office put in a considerable amount of work trying to reconstruct what happened in judge kane's. I don't mean that critically Yeah But it wasn't like we had a docket sheet the way we would have in district court with unclassified information That would have been helpful Even if it was a classified docket sheet We didn't have anything like that people had to go in and try and reconstruct stuff and we had to take things over there And we did the same thing with this court when it requested classified information we were trying to help reconstruct the record This took some time I wish I could give you a better answer. I just don't know that's fine. That's fine. We'll figure it out Yeah, so I I'm i'm sorry to return to this, but I didn't think the answer was complete To what extent is the government relying on the difficulty in doing the translation? to justify The length of time it took to get this case to trial It was one of many significant factors first the Statements and interceptions have to be translated Then if they're going to be declassified and we agreed that with some and we objected to that with others Then there's the process the declassification process we have to get permission from washington All this takes a while. Yes the translation Issues were highly significant. Not only did we need translators and uzbek and tajik. We needed security cleared translators Those were somewhat hard to come by And so yes, I would say it was very significant isn't it I understand Maybe I can't fully understand but I can begin to understand how challenging that task, uh must have been But isn't it the government's responsibility to devote the resources necessary to do that task in a timely? way Why why should uh? Mr. Jumaiah Sitting in jail waiting for that to happen for this length of time um Why why why shouldn't that delay be attributed to the government in a speedy trial analysis? Just seems to me your argument is oh, it was really hard to to get everything translated and i'm sure it was but even so uh, why shouldn't that delay be Charged to you in terms of the barker factors Because it does not reflect fault on the part of the government judge matheson. It is the characteristic of this terrorism case and most of the well A great number of translations and the majority of trial relevant evidence Um derived from interceptions in tajik uzbek and russian were turned over Fairly promptly and litigated there's a suppression motion on that too. And that was litigated fairly promptly The government was being diligent the prosecutor met regularly Provided monthly updates on this information. Now, I don't recall too many disputes early in the case on traditional fisa Most of the disputes would arise what later after this lengthy delay of more than two years Um over attempts to suppress section 702 derived fison and again don't want to beat a dead horse here, but They had every right to file that motion but Your honors, there are two roads in litigation. There's the quick road where counsel says well, I don't want to Let's let's dispense with motions for most of them. My client wants a trial and he wants it now He doesn't want to be in jail That's one way to go that can work Uh, they didn't take that I just think counsel that that is a naive argument I mean the government has You may respectfully disagree, but the government has the resources To conduct a case properly to do certain aspects of the case at the same time that they're doing others Uh, so for you to say oh what we had to resolve these motions before we could get over to the issue of translation It just doesn't I mean It's just a non-argument, I mean surely you could do both things at the same time We were doing both things at the same time with all due respect judge. Lucero I think you're overstating our position a bit. I can understand frustration with the length of time it took It took too long, there's no question the question is why it took that long And we can't change the fact that the the case derived from wire interceptions under FISA And that they were in languages like Uzbek and Tajik and we need security clear translators A great deal of that proceeded very expeditiously uh, the hang-up was a section 702 material, uh, which As we are well as we know as we know Up as two years in telling the defendants about it So two years of it is charged chargeable to the government No, it's defense motion as you said before not two years almost two years Well the government if you're referring to the government's second FISA notice Yes, that was october, but judge kane took under consideration of the defense suppression motion for nearly two years And I don't recall any protests from the defense about that Although I don't know that I fault them for it's a delicate situation to demand a ruling from a judge But still it was their motion it was a very complicated motion Um, it involved matters of national security There is little precedent today But more than there was then and judge kane was faced with some very difficult issues On whether or not 702 was constitutional There is somewhat more authority and that will be addressed in the mutroff argument to come But I can understand why he hesitated over that motion, but that's not the government's fault your honor It really isn't and you know Again, the defense had every right to file that and every other motion, but they can't have it both ways Well under the baker Uh principles Who do we charge? A two-year A time period for on the part of the trial court to rule on a motion I don't think either party is at fault for it But we can't simply Say it doesn't blame us for a judge sitting on a motion for two years judge Um, that's right. If we take if we take two years to decide a case, it's on us. It's not on council but it nevertheless Let me put the question this way You argue on the matter of prejudice Uh that the defendant was not prejudiced and I my question to you is very simple Should we presume prejudice? when a defendant Is Incarcerated for a period of six years Is that standing up itself prejudicial Absolutely not not in this case the case law is very clear that in assessing um For that I can see Um, it is only the delay chargeable to the government that can be considered Case law is very clear on that and it's set out in the in in our briefs Uh, and the six-year delay was not in any way attributable entirely to the government What portion of the six years is attributable to the government in your book Judge are you looking for a confession? I'm sorry I apologize. Um No, that's quite. All right, there were some proceedings. Um in And where are they 2017 the government superseded the indictment in may of 2016 well It seemed reasonable at the time subsequent developments That the government did not have at the time cast doubt on the government's theory For those counts they were the ones pertaining to mr. Jamea's son Dr. Kekberdiev was fired by the fbi following an inconclusive polygraph and another government expert test testified that he wasn't altogether sure that some of the The way the government was interpreting what sheep behore and his madrasa were doing Was altogether as bad as the government thought and so Trials approaching things had already taken too long things were very complicated and the government voluntarily dismissed counts five and six Which ended the issue it was no longer a trial issue. Dr. Kekberdiev was not a trial issue And that was that um Now it was very reasonable for the government to do this at the time and the government doesn't have a crystal ball as you know and we didn't know that a year two years later evidence would surface that Cast at least a shadow over the government's theory and the government decided. Well, we're not going to pursue this We're just going to focus on what we have So certainly below The trial court was not happy and the defense was not happy with the government adding counts in 2016 Perhaps part of that is on us But again, the government did not have the information at the time that it would later acquire Dr. Kekberdiev and and one of its own experts Steinberg about sheep bahori That that would develop later the passage of time gave rise to new discovery judge came at a Observation about that apart from that. I don't think i'm willing to own up to anything judge. Lucero Again the 2016 Thank you for your care Yeah, counsel. What what do the cases teach us? about um A situation where there is a motion pending? and the district court, uh Does not decide it for an extended period of time Um, and it's not the government's fault. It's not the defendant's fault It's just that there's a lengthy delay Because the motion is is pending and i'm i'm speaking to the sixth amendment speedy trial not the speedy trial act But does that delay? Do we just overlook that period of time? Uh, uh, or It's still The delay is still real for the defendant. So how are courts? You Supposed to uh, uh Concentrate to the extent it's chargeable to anyone with all due respect. Um I think it's on the defense They chose to litigate an issue of first impression the constant Well, if not first one of which little precedent existed on the constitutionality of section 702 and related issues As I mentioned there's some authority for that now there was little then and judge kane I think it was understandably concerned that he was going to have to issue a ruling with national implications on an intelligence gathering statute But it resulted from the motion itself And as part of the defense strategy To actively litigate pretty much every issue that they could concerning intelligence gathering government surveillance techniques And related information So the delay did result from the defense motion and our defense strategy that they were going to use this litigation as a forum to contest these matters and Potentially from their point of view create favorable law They were important issues. There was no question. They were very interesting issues But still as i've indicated there are two roads if you're going to take the slow road and litigate these issues of national importance And About 100 other issues. I don't think you can then complain because I think ultimately the delay is attributable to the defense motion And I think that the court's pondering this very carefully is completely understandable for a district judge based with A decision that could have national implications Counsel a couple of quick questions on these sentence How much time did the defendant Uh serve if you pardon the expression prior to the announcement of sentence And what was the sentence? Relative to that time I recall judge kane's sentence. Mr. Jamea the time served He he received a very lenient sentence that wasn't exactly what you asked I know The court rejected a terrorism enhancement that would have dramatically Increased the sentence it was roughly it was roughly six years Some is that correct? I think it was 78 months Is my recollection? Mr. Krockenberg? I think it was 78. So he served he served He served 78 and he was sentenced 78. Is that correct time of sentencing? Yeah Yes, so my question is that So my question is this in assessing the speedy trial issue Is should we consider the fact that the sentence was equivalent? to the time served awaiting trial No, your honor fourth amendment doesn't protect against Alleged sentencing prejudice and the defense argument, uh that this has some relevance I think is far-fetched judge kane Um spent a great deal of time with the 35 53 a factors He also considered You just went away judge lucero, uh, i'm having issue with my uh, the sun in my in my eye, so i'm just But i'm here and i'm don't worry about All right here Judge kane carefully reviewed the 35 53 a factors. He also expressed some personal sympathy for jumeirah Who rightly or wrongly he felt was acting out of This is pretty much a quote a sense of ethnic and religious identification The government would strenuously See things differently when you're supporting terrorism Um, I don't think that matters that goes to the motive Not you're still supporting a terrorist group resulting in the death of people around the world, but nonetheless Judge kane saw it that way but that was the basis of his sentence It wasn't just that he happened to have been locked up that long by the time of sentencing And I say 78 months because that's the best I can do. Uh, I think it was somewhere in that range Um Have I answered your question judge lucero I can't hear judge lucero now Are you there judge lucero I Hope he's all right. I think he may have he may have his uh, mute button on He is still on the call judges, um, yeah i'm here i'm here, okay Here I got this Yeah I've got it resolved. Thank you This technology is very awkward. I would much prefer to be very about that So counsel with with the uh clock ticking down um If the starting point, uh, we're wait a minute we have six plus years between the charge and and the trial which uh in the in the uh in the scheme of in the landscape of speedy trial act challenges that seems to be a pretty extreme length of time Um, and if we just work backward from that What is if you just had to to state the essence of your argument? What is it? The essence of my argument and to um respond to a central theme of the Reply briefing is that The disclosure by the government And this is the essence of my argument relating to the briefing the disclosures by the government in 2016 Were not because the government was holding on to brady material and just wouldn't give it up. It was because the um, What is brady? Um has to be determined by the court This was classified information The government has ex parte proceedings and goes to the court and presents it and may argue that it can't be disclosed even under rule 16 The court has to make a decision Is this brady or is it not or is it otherwise discoverable to do that? Judge kane met with ex parte with the defense lawyers. There is nothing wrong with that. That's the way the system worked He needed to know what their defenses were to figure out whether or not certain information really needed to be disclosed He was doing that regularly throughout 2017 and early 2018 That is why the government was turning over this information Not because it was sitting on it all these years but because we needed a determination from the court that this material Was going to be discoverable the government didn't want all of it to be given up And by the way, almost everything that in the briefing that jumeirah Complains about particularly in his opening brief on labeled sanctions Is not brady material a good deal, but Could be giglio material. There was very very little information that was truly material exculpatory Uh, and the question was how the case dragged on that long and the reason is because of the the defendant's aggressive motion practice these These section 4 sepa section 4 hearings could have been held much earlier. They needed to be held But it was not inevitable And it was not correct. The defendant couldn't go to trial Before 2017 if the trial had been set before that these sepa section 4 hearings would have been held before that And these decisions would have been made earlier That's that's it's a cumbersome procedure. We have no choice. It's federal law Thank you, mr. Murphy. We'll uh Consider additional time in the next case if necessary, but for now your time is up. Thank you And Judge lacero to answer your point earlier Uh, I apologize for not having this information in front of me Uh defense council first move for production of mr Jumayev's statements in a written motion that was filed on september 5th, 2012 Um, that's in volume one at page 463 Of of the record give us that again, please. That is where It's volume one page 463 And your honor that is referenced at page three of our opening brief as well So once again, I apologize for not having that information earlier uh the only other point I just want to emphasize briefly is And this is something that judge matheson was was suggesting earlier It's important to remember that barker Talks about the reason for the delay in In in terms of it doesn't necessarily have to be the government's fault that it took six years Uh barker specifically talks about neutral reasons still being charged to the government because it's the government's responsibility Ultimately to bring a case to trial within the constitutional limits And I just want to emphasize that even if this court uh is unwilling to say the entire delay is is the government's fault or the results of some sort of Fact that it took this long um If it's congestion of the courts, that's still not the defendant's fault. That's still chargeable under the sixth amendment analysis and and simply Six years and one day was too long. Uh, it's too long and to go to the sentencing point Uh, certainly the barker court talks about conditions of pre-trial confinement Uh, certainly it's relevant that mr. Jumayah's ultimate 76 month sentence Uh was time served and he spent the vast majority of that 72 of those months in pre-trial detention Uh, and for those reasons i'd respectfully ask that you reverse the conviction. Thank you. Thank you. Thank you counsel. Thank you Counselor excused and the case is submitted